# EXHIBIT A

ELECTRONICALLY FILED
1/6/2017 9:36 AM
2017-M3-000125
ROOM: 0206
PAGE 1 of 6
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
MUNICIPAL DIVISION
CLERK DOROTHY BROWN

Firm ID 56047

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
THIRD MUNICIPAL DISTRICT

| | |
|---|---|
| DANA KLIPPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| GARY S. SHIFRIN and MARILYN M. ) | |
| SHIFRIN, Individually and d/b/a ) | |
| Custom Candy Design, ) | |
| ) | |
| Defendants ) | |
| ) | |

## COMPLAINT

Plaintiff, DANA KLIPPEL, by and through her counsel DROST, GILBERT, ANDREW & APICELLA, LLC for its Complaint against Defendants, GARY S. SHIFRIN and MARILYN M. SHIFRIN, Individually and d/b/a Custom Candy Design, states as follows:

### Common Allegations

1. GARY S. SHIFRIN and MARILYN M. SHIFRIN are individuals doing business as Custom Candy Design.

2. Plaintiff DANA KLIPPEL was employed by the SHIFRINS beginning in or around October 13, 2016.

3. At all times herein relevant, Plaintiff DANA KLIPPEL was employed by the SHIFRINS as a candy worker.

4. At all times herein relevant, DANA KLIPPEL was to be paid by the SHIFRINS on an hourly basis of $14.00 for forty hours of work per week.

5. The SHIFRINS failed to pay wages owed to DANA KLIPPEL.

6. In the course of performing her duties for the SHIFRINS, DANA KLIPPEL was required

to work in excess of forty hours per week.

7. The Shifrins never paid DANA KLIPPEL overtime or any compensation for these hours worked in excess of forty per work week.

## COUNT III
### Violation of the Illinois Wage Payment & Collection Act

8. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

9. The Illinois Wage Payment & Collection Act, 820 ILCS §115/3 *et seq.*, requires that "every employer shall be required, at least semimonthly, to pay every employee all wages earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

10. On or about October 13, 2016, Defendants hired Plaintiff for full-time employment as a candy worker.

11. Plaintiff worked in excess of forty hours per week for Defendants up to November 22, 2016.

12. During the applicable statute of limitations, by the course of conduct set forth above, Defendant failed to pay Plaintiff all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 *et seq.*

13. Because Defendant failed to properly pay wages due as required by law, Plaintiff is entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 *et seq.* to recover all wages due, two percent interest per month on all wages due until fully paid, costs, and reasonable attorney's fees.

WHEREFORE, Plaintiff, DANA KLIPPEL demands judgment against Defendants, GARY

ELECTRONICALLY FILED
1/6/2017 9:36 AM
2017-M3-000125
PAGE 2 of 6

S. SHIFRIN and MARILYN M. SHIFRIN, Individually and d/b/a Custom Candy Design in an amount to compensate her for unpaid wages and pursuant to Illinois law; appropriate statutory penalties; an award of damages and liquidated damages; all costs and attorney' fees incurred prosecuting these claims, including expert fees; pre-judgment and post-judgment interest, as provided by Illinois law, including but not limited to, two percent (2%) interest per month on all wages due until fully paid; and such other equitable relief as the Court may deem just and proper.

### COUNT II
### Overtime Claims under the ILLINOIS MINIMUM WAGE LAW

14. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

15. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/1 *et seq*.

16. By the course of conduct set forth above, Defendants violated the ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/1 *et seq*., in particular, § 105/4a(1).

17. The ILLINOIS MINIMUM WAGE LAW 820 ILCS § 105/1 *et seq*. requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees.

18. At all times herein relevant, Plaintiff was a non-exempt employee entitled to be paid proper overtime compensation for all hours worked.

19. Throughout the time she was employed by Defendants, Plaintiff continually worked in excess of forty hours in a work week.

20. Throughout the time she was employed by Defendants, Defendants failed and refused to pay Plaintiff the proper overtime compensation.

ELECTRONICALLY FILED
1/6/2017 9:36 AM
2017-M3-000125
PAGE 3 of 6

21. Defendants had a policy and practice of failing and refusing to pay proper overtime pay to the Plaintiff for her hours worked.

22. As a result of Defendants' failure to pay overtime wages earned and due to the Plaintiff, Defendants violated the ILLINOIS MINIMUM WAGE LAW.

23. Because Defendants failed to properly pay overtime as required by law, Plaintiff is entitled under the Illinois Minimum Wage Law, 820 ILCS §105/4a(1) and § 105/12 to all overtime compensation due to them at a rate of 1 and ½ times the regular rate of pay for all overtime hours worked in the past three years, and under § 105/12 to recover liquidated damages, costs, and reasonable attorney's fees.

WHEREFORE, Plaintiff, DANA KLIPPEL demands judgment against Defendants, GARY S. SHIFRIN and MARILYN M. SHIFRIN, Individually and d/b/a Custom Candy Design in an amount to compensate her for unpaid overtime and minimum wages, other due wages, pursuant to Illinois law; appropriate statutory penalties; an award of damages and liquidated damages; all costs and attorney' fees incurred prosecuting these claims, including expert fees; pre-judgment and post-judgment interest, as provided by Illinois law, including but not limited to, two percent (2%) interest per month on all wages due until fully paid; and such other equitable relief as the Court may deem just and proper.

ELECTRONICALLY FILED
1/6/2017 9:36 AM
2017-M3-000125
PAGE 4 of 6

### COUNT III
### Overtime Violations under the FAIR LABOR STANDARDS ACT

24. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

4

25. The FLSA requires each covered employer such as Defendanst to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

26. Plaintiff is entitled to be paid overtime compensation for all hours worked.

27. Defendants, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff for all of their hours worked.

28. Defendants violated the FLSA, 29 U.S.C. § 201 *et seq.* by failing to compensate Plaintiff for overtime compensation.

29. Plaintiff was not paid on a salary or fee basis that would permit her to be exempt from overtime compensation as required under the FLSA.

30. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

31. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

32. Plaintiff seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

33. Plaintiff seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, DANA KLIPPEL demands judgment against Defendants, GARY S. SHIFRIN and MARILYN M. SHIFRIN, Individually and d/b/a Custom Candy Design in an

ELECTRONICALLY FILED
1/6/2017 9:36 AM
2017-M3-000125
PAGE 5 of 6

5

amount to compensate her for unpaid overtime and minimum wages, other due wages, pursuant to Illinois the FLSA; appropriate statutory penalties; an award of damages and liquidated damages; all costs and attorney' fees incurred prosecuting these claims, including expert fees; pre-judgment and post-judgment interest, as provided by Illinois law, including but not limited to, two percent (2%) interest per month on all wages due until fully paid; and such other equitable relief as the Court may deem just and proper.

Respectfully submitted,

/s/Kenneth C. Apicella

ELECTRONICALLY FILED
1/6/2017 9:36 AM
2017-M3-000125
PAGE 6 of 6

Kenneth C. Apicella
Susan Mills-Martinez
DROST, GILBERT, ANDREW & APICELLA, LLC
800 E. Northwest Hwy, Ste. 1090
Palatine, Illinois 60074
p.(847) 934-6000
f. (847) 94-6040
kca@dgaalaw.com
smm@dgaalaw.com

DOC.TYPE: SUMMONS
CASE NUMBER: 17M3000125
DEFENDANT
SHIFRIN, MARILYN M
3398 B COMMERICAL AVE
NORTHBROOK, IL 60062

DIE DATE: 01/23/2017
DIST: 062 SK

TORTLOFF

SERVICE INFO:
RTN 01-30-2017; ROOM 206

ATTACHED FEE: $0.00